CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 29 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BARRY LYNN VIA, | ) | |
| Petitioner, | ) | Civil Action No. 7:12-cv-00403 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GREGORY HOLLOWAY, | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

Petitioner Barry Lynn Via, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2011 conviction in the Wise County Circuit Court. The court finds that Via has not fully exhausted his state court remedies before filing this federal habeas petition and, therefore, the court dismisses his petition without prejudice.

## I.

On March 31, 2011, the Wise County Circuit Court convicted Via of assault and battery and sentenced him to 12 months incarceration. Via did not appeal. Via did, however, file a petition for writ of habeas corpus in the Supreme Court of Virginia. On August 2, 2012, the Supreme Court of Virginia granted Via's habeas petition limited to the issue of the denial of his right to appeal and granted Via leave to file a notice of appeal in the Court of Appeals of Virginia. The court specifically noted that its decision was without prejudice to Via's right to file a subsequent habeas petition. It is unclear whether Via has yet to file an appeal in the Court of Appeals. Via filed his federal habeas petition on August 22, 2012.

## II.

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez,

411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). In Virginia, a non-death row felon ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court may consider his claims. See Va. Code § 8.01-654.

In this case, the Supreme Court of Virginia's August 2, 2012 order granted Via leave to appeal his criminal case. The court stated that "all computations of time . . . shall commence on the date of entry of this order or . . . from the date of entry of the order of the circuit court so appointing counsel, whichever date shall be later." Pursuant to the rules of the Supreme Court of Virginia, a notice of appeal must be filed within 30 days after the entry of final judgment. VA Sup. Ct. R. 5A:6. Pursuant to the court's order, Via still has time to file a notice of appeal and thereafter pursue his appeal in the Supreme Court of Virginia. Therefore, Via still has direct appeal remedies available to him. Further, because the Virginia Supreme Court's August 2, 2012 decision was without prejudice to Via's right to file a subsequent habeas petition, he still has state habeas remedy available to him. Accordingly, the court finds that Via has not fully exhausted his sate court remedies before filing his federal habeas petition.

### III.

Based on the foregoing, the court dismisses Via's habeas petition without prejudice as unexhausted.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioner.

ENTER: This 29th day of August, 2012.

United States District Judge